## RICHARD ELA, Administrator, *versus* HAMLIN RAND.

Where an attorney is a party to a suit, depositions taken in a distant county by the opposite party while the court is sitting in the county where the attorney resides will not be rejected unless it be shown that the party taking the depositions knew that the court would be sitting at the time.

When a party to a suit dies, no depositions can be taken by the opposite party, until the executor or administrator of the party deceased becomes a party to the suit upon the record.

THIS was an action of assumpsit upon a contract in writing made on the 7th January, 1820, between Joseph Ela the plaintiff's intestate, and Charles K. White, and was brought against the defendant as surviving partner of White.

The defendant pleaded in abatement of the writ that the promises set forth in the declaration were made joint-

ly by one Daniel Rand and one Robert Rand with the said White and the defendant, and not by the said White and the defendant alone.

To this the plaintiff replied, that the said promises were not made by the said Daniel and Robert as alleged in the plea, and upon this issue was joined.

The cause was tried here at February term, 1826, when the defendant, who lives at Bath, in the county of Grafton, in order to maintain the issue on his part, introduced several depositions taken at Bath, on the 12th September, 1825, in the absence of the plaintiff. It was objected on the part of the plaintiff, who lives in Durham, in the county of Strafford, that the depositions ought not to be admitted in evidence, because, in the first place, he was, on the said 12th September, 1825, an attorney attending this court then in session in the county of Strafford, and ought not to have been notified to attend to the taking of said depositions on that day ; and because, in the second place, although letters of administration had then lately been committed to him he had not in fact become, nor had he had an opportunity to become, a party to this suit at the time said depositions were taken. But both these objections were overruled.

The jury having returned a verdict in favor of the defendant, the plaintiff moved for a new trial on the ground that the said depositions were improperly admitted to go to the jury.

*Ela*, for the plaintiff.

*E. Cutts*, for the defendant.

RICHARDSON, C. J. We make it an invariable rule to reject depositions, if it appear that the opposite party was notified to attend the taking of them, at a time when he must necessarily be absent or engaged in important business, requiring his personal attention, and this known to the party giving the notice. This is done on the ground that depositions so taken cannot be considered as taken with good faith, but with a fraudulent intent to

take an undue advantage of the situation of the other side. And we are of opinion, that the attornies of this court are not to be cited to attend the taking of depositions at a time when the court is sitting in the county where they reside, if the party citing them is so situated that he must be presumed to know that they are attornies and that the court may be sitting. But such party may live in a distant county or be so situated that no presumption of such knowledge can fairly be made, and in that case there would seem to be no ground for rejecting the deposition, until such knowledge is shown by the party who objects to the deposition. In this case the defendant lives in a distant county, and we think it cannot be presumed that he was aware that this court would be sitting in the county of Strafford on the 12th September, 1825, and that the depositions were not rendered inadmissible by that circumstance.

But it is further objected that they ought not to have been received as evidence because at the time they were taken, the original plaintiff having deceased, and the present plaintiff not having become a party to the suit, there was no party who could be notified, and the depositions must therefore be considered as taken without any notice. This objection certainly deserves consideration. At common law, the death of a sole plaintiff or defendant abated the writ. Tidd's Prac. 846 & 1024. And the law remains unaltered in this respect to this day in England, although where the cause of action by law survives the suit may in many instances be revived. Lovelass, 22 ; 3 Bl. Com. 302.

In this state, the statute of February 9, 1791, sec. 19, enacted " that in case of the death of either party, appellant or appellee, before the sitting of the court appealed to, or where any action is, or shall be pending in any court of common pleas or superior court of judicature in this state, and either party die before final judgment, the action or suit shall not be thereby abated, but the execu-

tor or administrator of such deceased party in case the cause of action doth by law survive shall have full power to prosecute or defend any such suit, action, or appeal to final judgment and execution." 1 N. H. Laws, 105.

The origin of the provision in this clause in relation to the death of a party, appellant or appellee, was this. Anciently it seems to have been supposed in Massachusetts, that by the death of the appellant or appellee after judgment in the court below, and before entry in the court above, the appeal was abated and the judgment of the court below left in force, so that in many cases executors and administrators were compelled to resort to the general court to obtain relief. In order to remedy this inconvenience their Provincial act of the 13 Geo. I. cap. 158, was passed, by which it was provided that, when a death happened in such a case, the executor or administrator might prosecute or defend the suit until final judgment. Mass. Prov. & Col. Laws, 453. A similar provision was introduced in their statute of 1783, cap. 32, sec. 10, which is copied nearly verbatim in the clause of our statute which we have above cited.

This section of our statute provides, that in any case where a party dies pending the suit the executor or administrator may prosecute or defend provided the cause of action doth by law survive. To determine when the cause survives, resort must be had to our common and statute law. There is no doubt that all such actions as are founded upon any obligation, contract, debt, covenant, or any other duty to be performed, survive. 1 Saund. 216, *note* 1. And by our statute of June 21, 1797, sec. 2, it is enacted "that all actions of trespass for breaking and entering upon any close or real property, actions upon the case for trover and conversion, actions of debt, or on the case against any sheriff or his deputy for any illegal doings or misconduct in office, actions of ejectment, or trespass and ejectment, actions of trespass for taking and carrying away goods and chattels shall survive." And

by the statute of June 22, 1814, sec. 2, it is provided "that actions for the malfeasance, misfeasance or nonfeasance of any sheriff or of any of his deputies, may be sued against the executors or administrators of such sheriff."

There are two ways, in which an executor or administrator may become a party to a suit commenced by or against the deceased in his life time. He may come in voluntarily and on motion be admitted to prosecute or defend, the action ; or he may be compelled to become a party by a *scire facias* served upon him in pursuance of the provisions of the statute.

It is apparent upon this general view of the law on this subject, that in this state a writ is not abated by the death of one of the parties, provided the cause of action by law survives. But in our practice all proceedings are stayed and nothing further is done after the death of a party until his executor or administrator is made a party. It is very probable, that an executor or administrator may by virtue of his general authority settle and adjust the subject matter of a suit without becoming a party to it. And in some cases after a verdict judgment is rendered *nunc pro tunc* after the death of a party. Tidd's Prac. 846 ; 3 N. H. Rep. 61.

But in general no step whatever can be taken in the cause on either side until the executor or administrator becomes a party. And we are of opinion that neither the party surviving nor the representative of the party deceased can take depositions. Executors and administrators cannot take them because they are not parties to the cause. It is often a question of some difficulty to determine, whether an action survives and whether an executor or administrator can become a party, and until that question is settled, the surviving party ought to be put to no trouble or expense in preparing the cause for trial.

But there are still stronger reasons why the surviving party should not be allowed to take them. Every one

knows, who is at all acquainted with the nature of judicial proceedings, that no person can be duly qualified to cross examine a witness who is not well acquainted with the nature of the cause in which the testimony is to be used. And it is well known, that the representative of a deceased party very frequently has no previous knowledge whatever of the nature of the suit, and often finds it difficut to make himself acquainted with it, because much of the information in relation to it was known only to the party deceased. Now if an executor or administrator can be cited to attend the taking of depositions at all before he becomes a party to the suit, he may be cited in one day after administration is committed to him, and when he may have had no previous knowledge of the existence of the suit. It is very obvious that the surviving party might thus gain advantages, which no party ought to be permitted to gain.

And further, it is expressly provided by statute that no action shall in any case be commenced against any executor or administrator until the end of one year after such executor or administrator shall have proved the will or taken out letters of administration, and that in all cases where an executor or administrator shall become a party to a suit, he shall on motion to the court be entitled to one continuance of course. These provisions were most manifestly intended to give to executors and administrators time to become acquainted with the situation of the estate and of the actions pending. And it seems to us that it would be altogether contrary to the spirit of these provisions to permit the surviving party to take depositions immediately after the death of his opponent, and before the representative of that opponent can have had an opportunity to become a party to the suit.

For these reasons we are of opinion that the depositions were in this case improperly admitted in evidence, and that there must be

*A new trial granted.*